Filed 12/23/22  P. v. Greer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROGER EVERS GREER,<br><br>        Defendant and Appellant. | C095150<br><br>(Super. Ct. No. 20CF06247) |

Defendant Roger Evers Greer pled guilty to one count of resisting an executive officer in the performance of the officer's duties.  He also admitted having one prior strike conviction within the meaning of the three strikes law.  Based on the plea and admission, the trial court found defendant guilty of this offense, found the prior strike allegation to be true, and ultimately sentenced defendant to serve six years in state prison.

On appeal, defendant contends Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) applies retroactively to his case and requires remand for a new sentencing hearing.  The People concede the point.  We accept the concession.  We

1

shall therefore vacate the sentence and remand the matter for the trial court to resentence defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

The nature of the contention raised on appeal does not require a detailed recitation of the underlying facts. It will suffice to note that defendant, while intoxicated, caused a disturbance at a Lake Oroville marina, drove recklessly out of the parking lot, and refused to pull over when a responding officer attempted to perform a traffic stop on Highway 162. Then, while speeding, defendant drove directly at another patrol car that was parked along the highway, stopping directly in front of the car and yelling "Fuck you" at the officer seated in the vehicle. After resuming the car chase, defendant came to another abrupt stop, exited his car on foot, and challenged the officers to shoot him. Defendant was eventually taken into custody after running across the highway, jumping over a guardrail, and attempting to punch one of the officers.

Based on these facts, defendant pled guilty to one count of resisting an executive officer in the performance of the officer's duties and admitted having a prior strike conviction. At the sentencing hearing, the trial court imposed the upper term sentence of three years, doubled due to the prior strike. In imposing this sentence, the trial court stated: "I've reviewed the circumstances in aggravation and mitigation set forth in the [California] Rules of Court. After careful consideration, I do find on balance that the circumstances in aggravation outweigh the circumstances in mitigation. In aggravation, the crime involved the threat of great bodily harm, and [defendant] engaged in conduct that indicates a serious danger to society. He was also on probation at the time that he picked up the new offense. In mitigation, he pled at an early stage and he has largely led a crime-free life."

## DISCUSSION

Defendant and the People agree that Senate Bill No. 567 applies retroactively to this case and requires remand for resentencing. We concur.

2

On October 8, 2021, the Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.) into law. This enactment became effective January 1, 2022 (Cal. Const., art. IV, § 8, subd. (c)), two months after defendant was sentenced in this case.

As relevant here, Senate Bill No. 567 limits the trial court's ability to impose an upper term determinate sentence by making the middle term the presumptive prison term unless specified circumstances exist. (Pen. Code, § 1170, subd. (b)(1), (2).)[1] A trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, *and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial*." (§ 1170, subd. (b)(2), italics added.) The amended statute also permits the trial court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

As the People properly concede, this amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) The People also concede, "None of the aggravating factors the trial court cited in imposing the upper-term sentence . . . were either admitted by [defendant] or found to be true beyond a reasonable doubt." Nor did the trial court base its upper term sentence on defendant's prior convictions under section 1170, subdivision (b)(3). The People further concede that "the People do not believe they can

---

[1]     Further undesignated statutory references are to the Penal Code.

make a good-faith harmless error argument." We accept this concession as well. We must therefore vacate the sentence and remand for resentencing.[2]

## DISPOSITION

The sentence is vacated, and the matter remanded to the trial court to resentence defendant under the current version of Penal Code section 1170. In all other respects, the judgment is affirmed.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Duarte, J.

/s/_____
Boulware Eurie, J.

---

[2]  We note that defendant also cites certain changes to section 1170 made by Assembly Bill No. 124 (Stats. 2021, ch. 695), which were incorporated into Senate Bill No. 567 (Stats. 2021, ch. 731, § 3), specifically section 1170, subdivision (b)(6). As the Attorney General correctly observes, defendant will be entitled to the benefit of these changes as well on remand.